IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOFOROS G. POLITIS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0594 |
| | § | |
| OFFICER KOWIS, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

### AMENDED ORDER ON DISMISSAL

Pursuant to Rule 60(a), Federal Rules of Civil Procedure, and in response to plaintiff's motion to vacate fee requirements (Docket Entry No. 5), the Court WITHDRAWS its order on dismissal entered February 20, 2007, and SUBSTITUTES this amended order on dismissal.

Christoforos G. Politis, a/k/a Christopher G. Politis, an immigration detainee in custody of the Immigration and Customs Enforcement Agency at a Correction Corporation of America facility, files this complaint alleging violations of his civil rights. Plaintiff proceeds *pro se* and, by not paying the filing, impliedly requests leave to proceed *in forma pauperis*. His implied request for leave to proceed *in forma pauperis* is GRANTED.[1]

The threshold question is whether plaintiff's claims should be dismissed as frivolous. The Court concludes that this lawsuit is frivolous and should be dismissed for the reasons that follow.

---

[1] Because plaintiff is an immigration detainee, the Court does not apply the filing fee provisions of the Prisoner Litigation and Reform Act (PLRA) in granting him leave to proceed *in forma pauperis*. *See Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir. 1997). His case nevertheless is subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B).

*Factual Allegations and Claims for Relief*

Plaintiff asserts that defendants violated his constitutional rights by stamping his outgoing mail with a label that read, "Inmate Correspondent, Correctional Corporation of America," which left the impression that he was incarcerated in a correctional facility. He concedes that the stamp was changed to read, "Detained Correspondent, Correctional Corporation of America," but he argues that "the damage is irreperable, [sic] you can't undue what is already be done." He further complains that defendants denied his administrative grievances regarding the label-stamping of his out-going mail. He seeks actual damages in an amount over $3 million and punitive damages of $1.5 million.

*Analysis*

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff raised these same claims against the same three defendants in *Politis v. Escamilla*, C.A. No. H-05-3191 (S.D. Tex. 2006). The Court dismissed that lawsuit as frivolous for failure to state a legal claim. This case is duplicative of that lawsuit, and will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).

*Conclusion*

For the above reasons, and pursuant to 28 U.S.C. § 1915(e)(2)(B), this lawsuit is DISMISSED WITH PREJUDICE as frivolous. Any and all pending motions are DENIED AS MOOT.

Plaintiff is WARNED that he will face sanctions, including monetary penalties and restrictions on filing future lawsuits, if he continues to file meritless complaints or petitions in the federal courts.[2]

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on March 9, 2007.

_____
Gray H. Miller
United States District Judge

---

[2] At least three of plaintiff's prior lawsuits have been dismissed as frivolous. *See Politis v. Bureau of Prisons*, C.A. No. H-06-4054 (S.D. Tex. 2007).